UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANDREW G. WATTERS,<br><br>          Plaintiff,<br><br>    v.<br><br>MAHSA PARVIZ,<br><br>          Defendant. | Cause No. C23-0755RSL<br><br>ORDER TO SHOW CAUSE |

This matter comes before the Court *sua sponte.* On May 19, 2023, plaintiff filed a complaint in federal court based on diversity jurisdiction. Dkt. # 1. Although the complaint states that plaintiff has suffered "not less than $75,001.00" in special damages, the allegation is wholly conclusory and not supported by any facts. At most, plaintiff alleges that he was defrauded out of approximately $10,000.00. Other allegedly wrongful acts, such as defendant's use of a Harvard email address and her attempt to relitigate a custody determination in Texas, are not alleged to have caused plaintiff any injury. To the extent plaintiff alleges that defendant violated various California state criminal laws, private persons generally do not have standing to pursue criminal prosecutions. *See, e.g.*, *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973).

Because federal courts have limited jurisdiction, "[a] federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989). Plaintiff has the burden of alleging

ORDER TO SHOW CAUSE - 1

facts sufficient to establish the Court's jurisdiction. He has not done so. In the absence of facts that could provide an adequate basis for the Court to find that the jurisdictional amount is satisfied, a conclusory assertion that plaintiff has suffered special damages of $75,001.00 is insufficient.

Plaintiff is hereby ordered to show cause why this matter should not be dismissed for having failed to "provide evidence establishing that it is more likely than not that the amount in controversy exceeds" $75,000. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007) (internal quotation marks omitted). Plaintiff's response, if any, is due on or before Wednesday, June 7, 2023. The Clerk of Court is directed to note this Order to Show Cause on the Court's calendar for Friday, June 9, 2023.

Dated this 24th day of May, 2023.

Robert S. Lasnik
United States District Judge

ORDER TO SHOW CAUSE - 2