Andrew G. Watters
555 Twin Dolphin Drive, Ste. 135
Redwood City, CA 94065
(415) 261-8527
andrew@andrewwatters.com

Pro se

# UNITED STATES DISTRICT COURT FOR THE

# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANDREW G. WATTERS,<br><br>                    Plaintiff,<br><br>vs.<br><br>MAHSA PARVIZ,<br><br>                    Defendant. | Case No.: 2:23-cv-00755-RSL<br><br>PLAINTIFF'S VERIFIED RESPONSE TO ORDER TO SHOW CAUSE |

## I.  Introduction

Plaintiff Andrew Watters ("Plaintiff") filed his Complaint in this matter on May 19, 2023. Plaintiff has been ordered to show cause why this matter should not be dismissed for having failed to "provide evidence establishing that it is more likely than not that the amount in controversy exceeds" $75,000. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). Subsequently, Plaintiff filed a Verified First Amended Complaint stating a cause of action for computer fraud under 18 U.S.C. sec. 1030, which is a Federal crime with a private right of action for damages and injunctive relief under 1030(g). Plaintiff's Verified First Amended Complaint shows that this court has subject matter jurisdiction over the matter, whether premised on a Federal Question or Diversity of Citizenship.  No material facts were changed in the amended complaint; the new seventh cause of action for computer fraud was added based on the same facts, and the Verified First Amended Complaint provides the evidentiary support necessary to oppose the Order to Show Cause.

Because this court has subject matter jurisdiction over this matter, Plaintiff's Complaint, and subsequent First Amended Complaint is properly before this court.

## II.  Argument

### A.  Legal Standard

"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

"To satisfy the requirements for federal diversity jurisdiction under 28 U.S.C. § 1332(a), "a plaintiff must claim, among other things, that the amount in controversy exceeds $75,000." "A plaintiff satisfies the amount in controversy requirement by claiming a sufficient sum in good faith."" *Giovanno v. Fabec* (11th Cir. 2015) 804 F.3d 1361, 1365 (internal citations omitted).

The amount in controversy requirement may be met by aggregating a single plaintiff's claims against a single defendant. *Gibson v. Chrysler Corp.* (9th Cir. 2001) 261 F.3d 927, 943. It is well established that punitive damages are part of the amount in controversy in a civil action (*Gibson v. Chrysler Corp.* (9th Cir. 2001) 261 F.3d 927, 945.)

B.  This Court Has Subject Matter Jurisdiction Based on a Federal Question

Shortly after the OSC Notice, Plaintiff amended his Complaint, as is his right under Rule 15(a). The Verified First Amended Complaint states a cause of action for computer fraud under 18 U.S.C. sec. 1030, which is a Federal crime with an expressly stated private right of action in 1030(g).  See, e.g., *Skyhop Techs., Inc. v. Narra*, 58 F.4th 1211 (11th Cir. 2023) (discussing private right of action in email-based extortion scheme).

Here, the amended complaint discusses the specifics and provides two counts in the new seventh cause of action, both being violations of the statute and both creating a private right of action.  The first count deals with Defendant's effort to extort Plaintiff, which is itself a violation of 1030(a)(7).  The second count deals with her fake Harvard web pages under 1030(a)(4), which caused Plaintiff loss above the statutory minimum of $5,000.00.  There are no additions, subtractions, or changes to the underlying material facts from the original Verified Complaint; the Verified First Amended Complaint merely adds an appropriate legal theory of recovery that Plaintiff inadvertently omitted from the original complaint.  This Court has subject matter jurisdiction based on a Federal Question pursuant to 18 U.S.C. sec. 1030(g), which permits civil actions for damages and injunctive relief against persons committing fraud with computers.

C.  Plaintiff Has Met the Amount In Controversy For Diversity Jurisdiction

Here, Plaintiff's good faith allegation as to the special damages caused by Defendant's fraud amounts to not less than $10,000. This accounts for the funds wrongfully obtained by

Defendant based on her fraudulent representations to Plaintiff. Plaintiff's good faith allegation as to the special damages caused by Defendant's fraud is not less than $10,000.

Plaintiff has also alleged general damages for the causes of action. California law prohibits Plaintiff from specifying the amount of his general damages in the complaint due to the extortion and fraud claims, both of which resulted in emotional distress.  Cal. Code of Civil Procedure sec. 425.10(b).  The amount is calculated based on the emotional damages Plaintiff suffered that are caused by Defendant's fraud and extortion, which certainly exceeds $75,000.00. On account of Defendant's willful and continued harassment of Plaintiff, through her extortion attempts to get Plaintiff to participate in her illegal schemes, Plaintiff's sum of general damages is at least $75,000.

Due to the harm done to Plaintiff by Defendant, and to punish Defendant for her illegal conduct and persistent harassment of Plaintiff, Plaintiff's good faith calculation of punitive damages is in the amount of $100,000.

Plaintiff's good faith sum of damages here is at least $185,000 not including attorney fees, interest, or costs. The amount in controversy is met for diversity jurisdiction purposes.

## III.   Conclusion

For the foregoing reasons, this court has subject matter jurisdiction over this matter. Additionally, Plaintiff has met the amount of controversy requirement and satisfied jurisdictional requirements.


Dated: May 25, 2023

_Andrew G. Watters_
_____
Andrew G. Watters
Pro se

4
2:23-CV-00755-RSL
PLAINTIFF'S VERIFIED RESPONSE TO ORDER TO SHOW CAUSE

VERIFICATION

I, Andrew G. Watters, certify:

I have read the foregoing response to the Court's Order to Show Cause.

The facts therein stated are true of my own personal knowledge, except on matters stated on information and belief, in which case I believe they are true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed May 26, 2023 in Redwood City, California.

*Andrew G. Watters*
_____

Andrew G. Watters

2:23-CV-00755-RSL
PLAINTIFF'S VERIFIED RESPONSE TO ORDER TO SHOW CAUSE