CONFIDENTIAL DATA:
FILE UNDER SEAL

Mahsa Parviz
P.O. Box #13900
#54652509
Seattle, WA 98198

Defendant



FILED
LODGED
RECEIVED

JUN 08 2023

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY
                              DEPUTY

## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

Andrew G. Watters,

      Plaintiff/Petitioner,

v.

Mahsa Parviz,

      Defendant.

Case no. 2:23-cv-00755-RSL

VERIFIED RULE 12 MOTION, ANSWER, MOTION FOR SANCTIONS UNDER RULE 11 AND/OR 28 U.S.C. § 1927, AND REQUEST FOR PROTECTIVE ORDER UNDER RULE 5.2(e)

   I.  Defendant presents the following defenses by motion under Rule 12:

      1. Lack of subject-matter jurisdiction;

      2. Lack of personal jurisdiction;

      3. Insufficient process;

      4. Insufficient service;

      5. Failure to state a claim upon which relief can be granted;

VERIFIED RULE 12 MOTION, ANSWER, MOTION FOR SANCTIONS UNDER RULE 11 AND/OR 28 U.S.C. § 1927, AND REQUEST FOR PROTECTIVE ORDER UNDER RULE 5.2(e)

1

6. Failure to join a necessary party under Rule 19.

II. Defendant, after a reasonable investigation into the purported facts, has a good faith basis on which to categorically deny each and every allegation in Petitioner's Verified First Amended Complaint (Cr. 6), including the jurisdictional allegations, and hereby makes a general denial.

III. Alternatively, Defendant pleads the following affirmative defenses set forth in Rule 8(c), including:

1. Accord and satisfaction;

2. Assumption of risk;

3. Contributory negligence;

4. Duress;

5. Failure of consideration;

6. Fraud;

7. Illegality;

8. Injury by fellow servant;

9. Laches;

10. Payment;

11. Release;

12. Statute of Frauds;

13. Statute of limitations;

14. Waiver;

15. Exemption under a statute or regulation;

16. Circuitous action;

17. Misuse;

18. Failure to exhaust state remedies;

VERIFIED RULE 12 MOTION, ANSWER, MOTION FOR SANCTIONS UNDER RULE 11 AND/OR 28 U.S.C. § 1927, AND REQUEST FOR PROTECTIVE ORDER UNDER RULE 5.2(e)

2

19. Failure to exhaust administrative remedies;

20. Hinderance of contract;

21. Failure to mitigate damages;

22. Statutory limitations on damages.

IV. Petitioner believes Defendant is incompetent. Attached hereto as 'EXHIBIT A' is a true and correct copy of Andrew Watters' August 17, 2021 letter from Petitioner's law firm to Defendant. Petitioner, in his capacity as a duly licensed attorney in the State of California, has committed fraud on the Court and communicated this belief and other damaging beliefs to Defendant's other attorneys, prosecutors and psychiatrists in criminal and family law proceedings, including Cause Nos. 2:21-cr-00293-SB (DMGx), D-1-DC-21-900031, D-1-DC-21-900032, D-1-DC-19-900037, 469-30012-2018, and others. Petitioner, by and through this conduct, has worked a manifest injustice into the legal proceedings supra, tainting them and causing doubt as to their outcomes. As an attorney and officer of the Court, Petitioner knows or should know that he cannot sue an incompetent person and has, in violation of Rule 11 and this Court's Order to Show Cause (Cr. 5), presented frivolous claims to this Court for an improper purpose. Accordingly, Defendant moves this Court for an Order of Sanctions against Petitioner and Vexatious Litigant Determination. Defendant further moves this Court for sanctions under 28 U.S.C. § 1927, supported by a finding of subjective bad faith, and requests that Petitioner be ordered to personally satisfy the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct. Under 28 U.S.C. § 1927, court has

VERIFIED RULE 12 MOTION, ANSWER, MOTION FOR SANCTIONS UNDER RULE 11 AND/OR 28 U.S.C. § 1927, AND REQUEST FOR PROTECTIVE ORDER UNDER RULE 5.2 (e)

3

1   discretion to order sanctions for attorney's reckless
2   conduct and also has discretion to impose sanctions under
3   its inherent powers if it first makes finding of bad faith;
4   bad faith is present when recklessness is combined with additional
5   factor such as frivolousness, harassment, or improper
6   purpose. *Arroyo v. Cont'l Airlines, Inc.*, 173 Fed. Appx.
7   634 (9th Cir. 2006).

8      V. This petition and all subsequent filings must be sealed
9
10  pursuant to California Rules of Court § 5.552, California Welfare
    & Institutions Code § 827 and the protective order issued in a
11  related case. Attached hereto as 'EXHIBIT B' is a true and
12  correct copy of the confidential Texas Vital Statistics
13  Unit confirmation of Defendant's parental rights to her
14  minor child, which is addressed to Petitioner and received
15  by him on September 10, 2021. Attached hereto as 'EXHIBIT
16  C' is a true and correct copy of the certified 2018 Order
17  regarding Defendant's minor child and Due Process violations.
18  Attached hereto as 'EXHIBIT D' is a true and correct
19  copy of Petitioner's April 28, 2021 letter to a Texas prosecutor
20  wherein Petitioner represents himself as Defendant's attorney
21  and attempts to negotiate the terms of a confidential
22  cooperation agreement. Attached hereto as 'EXHIBIT E' is a
23  true and correct copy of Austin Police Department summary
24  Incident Report Number 2021-8003210, documenting the serious
25  threat to Defendant's life which will likely worsen without issuance
26  of a protective order sealing this case and prohibiting disclosure
27  under Rule 5.2(e). Attached hereto as 'EXHIBIT F' is
28  a true and correct copy of the docket of Case No.

VERIFIED RULE 12 MOTION, ANSWER, MOTION FOR SANCTIONS UNDER
RULE 11 AND/OR 28 U.S.C. § 1927, AND REQUEST FOR PROTECTIVE ORDER
UNDER RULE 5.2(e)         4

1   D-1-DC-21-900031, wherein Defendant's former
2   brother-in-law was granted a cooperation agreement and
3   immunity on December 29, 2022 instead of Defendant,
4   as a result of Petitioner's breach of fiduciary
5   duty, negligence, fraud, misrepresentations and bad faith.
6   Defendant requests this Court issue an additional
7   Protective Order under Rule 5.2(e) to seal this matter and
8   prohibit Petitioner and his agents from making further
9   unlawful disclosures of any of the contents of his petition
10  and subsequent filings in this matter.
11      Date: May 25, 2023                    MParviz
12                                      MAHSA PARVIZ
13

14      VERIFICATION AND CERTIFICATE OF SERVICE
15      I have read the foregoing document and certify
16  that the facts stated therein are true and correct. On
17  May 25, 2023, I gave notice and a copy of the foregoing
18  document to Petitioner via U.S.P.S. certified mail and
19  RRR number 70111150000197938427.
20      I declare under penalty of perjury under the laws of
21  the United States and the State of Washington that the
22  foregoing is true and correct.
23      Date: May 25, 2023                    MParviz
24                                      MAHSA PARVIZ
25
26
27
28



Marsa Parvey
c/o Federal Detention Center
Seatac #54653509
P.O. Box 13900
Seattle, WA 98198

USDC Western Dist. of WA
Attn: Clerk (FILE UNDER SEAL IN
        CAUSE NO: 2:23-CV-00755-RSL)
700 Stewart St. #2310
Seattle, WA 98101

Seattle P&DC 981
TUE 06 JUN 2023 PM

JUN 08 2023

CERTIFIED MAIL

7011 1150 0001 9793 8410