UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANDREW G. WATTERS,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>MAHSA PARVIZ,<br><br>　　　　　　Defendant. | CASE NO. 2:23-cv-00755-RSL<br><br>AMENDED SECOND ORDER TO SHOW CAUSE |

This matter comes before the Court on plaintiff's "Verified First Amended Complaint" (Dkt. # 6) and defendant's "Verified Rule 12 Motion, Answer, Motion for Sanctions Under Rule 11 and/or 28 U.S.C. § 1927, and Request for Protective Order Under Rule 5.2(e)" (Dkt. # 8).

**Background**

In March 2022, plaintiff created a website about his ex-girlfriend, defendant Mahsa Parviz. Plaintiff uses the page to explain how he was duped by Ms. Parviz, asserting that she lied to him about her resume and criminal history and that, despite their break up, she continues to contact him. His avowed purposes in creating the website were to shame and/or expose defendant. In May 2023, Ms. Parviz contacted plaintiff, requesting that he remove the webpage or face a domestic violence complaint filed in the city where he practices law. Plaintiff immediately filed this lawsuit, essentially copying the contents of

AMENDED SECOND ORDER TO SHOW CAUSE - 1

the website into a complaint seeking an award of damages (special, general, and punitive), an award of attorney's fees, and a declaration that Ms. Parviz is a vexatious litigant. The Court issued an order to show cause why the case should not be dismissed for lack of subject matter jurisdiction: plaintiff's allegation regarding the amount in controversy was wholly conclusory and unsupported by any factual allegations. Plaintiff then filed an amended complaint adding a federal claim under 18 U.S.C. § 1030(g) and seeking an injunction against "threated violations of the computer fraud law." Dkt. # 6 at 21.

Ms. Parviz, who is currently in custody at the Federal Detention Center SeaTac, generally denies the allegations of plaintiff's amended complaint and has asserted various affirmative defenses to his claims. Dkt. # 8 at 2.

**Rule 12 Motion**

Ms. Parviz seeks dismissal of the above-captioned lawsuit for lack of subject matter jurisdiction, lack of personal jurisdiction, insufficient process, insufficient service, failure to state a claim upon which relief can be granted, and failure to join an indispensable party. Dkt. # 8 at 1-2. Plaintiff has not responded to defendant's Rule 12 motion. Having reviewed the amended complaint and defendant's motion, the Court finds that the newly-added Computer Fraud and Abuse Act claim has not been adequately pled and that "the values of judicial economy, convenience, fairness, and comity" lead to the conclusion that the Court "should decline the exercise of jurisdiction [over related state claims] by dismissing the case without prejudice." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (citation omitted).

Plaintiff accuses Ms. Parviz of attempting to extort him into deleting his web page and restoring her Harvard University web pages, thereby "interfering with the integrity of information available on a protected computer" in violation of 18 U.S.C. § 1030(a)(7) and of hacking or exceeding the authorized use of the Harvard servers to create a false impression that allowed her to defraud plaintiff in violation of 18 U.S.C. § 1030(a)(4). Dkt.

AMENDED SECOND ORDER TO SHOW CAUSE - 2

# 6 at 19-20. Section 1030(a)(7) prohibits a person from extorting money or a thing of value using threats of damage to a protected computer or threats of improper access to a protected computer. There is no allegation that Ms. Parviz did anything of the sort. According to plaintiff and the documents attached to the amended complaint, Ms. Parviz left it entirely up to plaintiff to make changes to the various websites. Any threats made or implied did not involve damage to a computer or unauthorized access to information. With regards to § 1030(a)(4), there are no facts suggesting that Ms. Parviz hacked into or exceeded her authorized access when utilizing a Harvard email address, creating a Harvard Scholar website, or being listed on a med.harvard.edu website. Plaintiff acknowledges that Ms. Parviz was enrolled in Harvard Extension School at some point prior to 2017. While plaintiff blames the "Harvard persona" he found on-line for his decision to date and trust Ms. Parviz, the memorialization of her connection to Harvard on various website and platforms does not raise a plausible inference that Ms. Parviz broke into Harvard's system or exceeded the authorizations she was given as an extension student.

Plaintiff has failed to allege facts which could support the only federal cause of action asserted in the amended complaint. In the absence of a federal claim or any factors compelling the Court to deviate from the common practice of declining supplemental jurisdiction when no federal claims remain, the Court declines to exercise supplemental jurisdiction over plaintiff's state law claims. Plaintiff is again directed to show cause why this case should not be dismissed.

**Sanctions**

Ms. Parviz provides a letter plaintiff sent her in August 2021 expressing his opinion that she was not competent to stand trial on a federal felony charge (Dkt. # 9 at 2) and argues that plaintiff should be sanctioned for (a) filing a lawsuit against an incompetent person and (b) filing frivolous claims in bad faith and for an improper purpose. There is no evidence that defendant is incompetent: plaintiff's opinion does not

AMENDED SECOND ORDER TO SHOW CAUSE - 3

make it so, and defendant has not conceded the point. Nor has defendant shown that she has satisfied the procedural requirements for seeking sanctions under Fed. R. Civ. P. 11(c)(2). While it certainly appears that plaintiff is using the federal court system to pursue a personal vendetta against Ms. Parviz rather than to obtain relief for any legally cognizable harm, whether he has unreasonably and vexatiously multiplied the proceedings for purposes of an award of fees and costs under 28 U.S.C. § 1927 will best be determined after plaintiff responds to this second order to show cause. *See Caruso v. Wash. State Bar Ass'n*, 2017 WL 2256782, at *3 (W.D. Wash. May 23, 2017) (quoting *W. Coast Theater Corp. v. City of Portland*, 897 F.2d 1519, 1528 (9th Cir. 1990) (finding that fees are appropriate under § 1927 if "an attorney knowingly or recklessly raises a frivolous argument, or argues a [ ] claim for the purpose of harassing an opponent, which qualifies as bad faith").

**Protective Order**

Ms. Parviz requests that the Court enter a protective order sealing the entire case file under Fed. R. Civ. P. 5.2(e) and prohibiting plaintiff from disclosing confidential materials and information. It is defendant, however, who chose to file documents that she now argues (a) are protected from disclosure by California law and a protective order in another case or (b) may put her in danger. Those exhibits have been sealed. *See* Dkt. # 9. Defendant has not shown good cause for any further protections other than those afforded by Fed. R. Civ. P. 5.2(a).

For all of the foregoing reasons, defendant's motion to dismiss under Rule 12(b)(6) is GRANTED in part. Plaintiff's Computer Fraud and Abuse Act claim has not been adequately alleged. In the absence of a federal claim, the balance of the relevant factors points toward declining to exercise supplemental jurisdiction over the remaining state law claims. Plaintiff is again ordered to show cause why the above-captioned matter should not

AMENDED SECOND ORDER TO SHOW CAUSE - 4

be dismissed. Plaintiff's response shall be filed on or before July 28, 2023. The Clerk of Court is directed to note this order to show cause on the Court's calendar for that date. Defendant's motion for sanctions is DENIED on the current record without prejudice to its being renewed in the future.

Dated this 17th day of July, 2023.

*[signature]*
Robert S. Lasnik
United States District Judge