TRULINCS 54652509 - PARVIZ, MAHSA - Unit: SET-D-A

---

FROM: 54652509
TO: Bundy, Thomas; Legal, Diaz; Parvis, Shamsi
SUBJECT: lasnikorders@wawd.uscourts.gov
DATE: 07/20/2023 08:37:09 PM

Mahsa Parviz
P.O. Box 13900
Seattle, WA 98198
Defendant



FILED
LODGED
RECEIVED

JUL 24 2023

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

ANDREW GEORGE WATTERS,
   Plaintiff,

v.

MAHSA PARVIZ,
   Defendant.

Cause No. 2:23-cv-00755-RSL

DEFENDANT'S VERIFIED
RESPONSE TO AMENDED
SECOND ORDER TO SHOW
CAUSE AND REQUEST FOR
PROTECTIVE ORDER

COMES NOW, Mahsa Parviz, and files Defendant's Verified Response to Second Order to Show Cause and makes a second Request for Protective Order under Fed. R. Civ. R. 5.2(e), to seal or, alternatively, to proceed under pseudonym.

I. PROTECTIVE ORDER

On May 25, 2023, Defendant filed a "Verified Rule 12 Motion, Answer, Motion for Sanctions Under Rule 11 and/or 28 U.S.C. Sec. 1927, and Request for Protective Order Under Rule 5.2(e)" (Dkt. # 8), which the Court granted in part in its July 6, 2023 Second Order to Show Cause (Dkt. # 13) and its July 17, 2023 Amended Second Order to Show Cause (Dkt. # 16).

As to the Protective Order, Defendant initially requested that the Court seal the entire case file under Fed. R. Civ. P. 5.2(e) and prohibit Plaintiff from disclosing confidential materials and information but did not provide adequate information in support thereof. The Court determined that "Defendant has not shown good cause for any further protections other than those afforded by Fed. R. Civ. P. 5.2(a)" (Dkt. # 13 at 4). Defendant now notifies this honorable Court of changed circumstances and provides the Court with additional facts in support of her second request for protective order to seal or, alternatively, to proceed under the pseudonym of "Jane Doe".

Since making the first motion for protective order, a domestic violence restraining order ("DVRO") action has commenced against Plaintiff Andrew George Watters in the State of California. Despite an express directive on May 25, 2023 to not contact Defendant and only communicate with Defendant through her attorney on the DVRO action, Thomas M. Bundy, Esq., Plaintiff continues to engage in the abusive conduct complained of in the Declaration of Mahsa Parviz ("Parviz Decl.") (Dkt. # 15). Moreover, Plaintiff continues to harass Defendant via U.S. mail as recently as July 17, 2023, and continues hosting the "hall of shame" about Defendant and her family on his law firm webpage. Plaintiff's conduct over the course of litigation only underscores his bad faith and malicious intent.

Although Defendant's DVRO attorney is a top tier attorney with nearly 30 years of experience and is licensed to practice law in both California and Washington, as a matter of legal strategy, an attorney has not yet entered an appearance in the instant case. Plaintiff was notified by Defendant's DVRO attorney on June 26, 2023, that he will not be representing Defendant on the instant federal action. Plaintiff did not attempt to contact Defendant or her DVRO attorney for over two weeks and instead filed a Status Report (Dkt. # 14) individually, falsely claiming that "Mr. Bundy was (according to Defendant) representing Defendant in this matter" (Dkt. # 14 at 2). At no point did Defendant ever tell Plaintiff that Mr. Bundy represents her in this matter and Plaintiff's own attachment serves as proof against his contention (Dkt. # 14 at 7).

Defendant, who has been in protective custody while at FDC SeaTac, cannot personally access the internet. Until this action commenced, Defendant had never seen the actual contents of Plaintiff's "hall of shame" and had only heard from third-parties that awful accusations were being made about her and her family online by an attorney who used this outrageous and appalling content to support online traffic not only to his law firm website but also to his personal campaign website,

https://www.wattersforcongress.com, when Plaintiff unsuccessfully ran for Congress. Defendant is extremely alarmed, disgusted and traumatized by Plaintiff's abusive conduct.

Plaintiff continues to harass Defendant. Plaintiff, who did not attempt to confer about this Court's orders with Defendant through her DVRO attorney as directed, began to send mail to Defendant only after filing his independent Status Report and solely harass Defendant. Accordingly, a protective order is necessary.

## II. MOTION TO SEAL

Defendant's May 25, 2023 counter-claims arise out of Plaintiff's conduct during and after the alleged relationship with and legal representation of Defendant, and are of a sensitive nature such that Defendant initially moved this Court for a protective order sealing the entire case in order to file her counter-claims. For example, Plaintiff's counter-claims for breach of fiduciary duty, defamation and invasion of privacy are based, in part, upon public disclosure of attorney-client privileged information as well as Plaintiff's false and defamatory statements (e.g. that Defendant's minor daughter is in foster care, when she is not, and that Defendant is an incompetent 9-time felon, which she is not) made directly to Defendant's employers, legal team, research sponsors, and to the public through public disclosure on his law firm website.

"There is a strong presumption of public access to the court's files," and, absent a showing that the public's right of access is outweighed by the interests of the public and/or the parties in shielding the material from public view, a seal is not appropriate. LCR 5(g). see Animal Legal Defense Fund v. Olympic Game Farm, Inc. 2023 U.S. Dist. LEXIS 39227 (W.D. Wash., March 6, 2023). Defendant initially provided the Court with evidence of ongoing criminal prosecutions related to Plaintiff's complaint, which the Court filed under seal. Defendant's counter-claims, which Defendant has not been able to bring before the Court, relate to criminal matters that have not yet been referred for prosecution and are therefore not public, and cite to witness statements to such an extent that redaction is impracticable. Sealing therefore serves a compelling interest. See United States v. Jackson, 2022 U.S. Dist. LEXIS 173530 (W.D. Wash., Sept. 26, 2022).

## III. MOTION TO PROCEED UNDER PSEUDONYM

Plaintiff made public disclosures online, as well as in his petition, that when Defendant was underage, she has an "alcohol-induced miscarriage" and disclosed other confidential information from Defendant's sealed case files and medical records as a minor, all of which were obtained over the course of Plaintiff's legal representation of Defendant. The Parviz Decl. details a recent physical attack against Defendant, wherein Defendant was assaulted by a federal inmate at SeaTac and called a "baby killer" on account of information publicly disclosed by Plaintiff. The Parviz Decl. provides that Defendant and her family are in genuine fear of great bodily injury or death from the public knowledge of her specific reproductive health records and background. Having already moved this Court to seal the entire case file, Defendant requests that if the case cannot be sealed, she alternatively be allowed to proceed under the pseudonym "Jane Doe" and her name, photo or likeness be redacted from all filings. See Doe I v. Otte, 259 F.3d 979, 983 (9th Cir. 2001) (a party is allowed to proceed anonymously when challenging his sex offender parole conditions); Doe v. Alderson, 2020 U.S. Dist. LEXIS 106220 (E.D. Cal., June 16, 2020) (A county inmate whose application to file all documents under seal was denied is alternatively allowed to proceed under pseudonym).

The Ninth Circuit has held that "a party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." Does I thru XXIII v. Advanced Textile Corp., 214 F.3d 1058, 1068 (9th Cir. 2000). Litigation under a pseudonym is allowed in the "unusual case when nondisclosure of a party's identity is necessary to protect a person from harassment, injury, ridicule or personal embarrassment." Id. at 1067-68 (internal quotation marks and alterations omitted). Although First Amendment concerns may contribute to a party's need to proceed under a pseudonym, they are only one factor among many, and a party still must demonstrate those concerns outweigh the public's interest and the prejudice to the other party. See, e.g., Publius v. Boyer-Vine, 321 F.R.D. 358, 361-366 (E.D. Cal. 2017). To maintain anonymity in an action, a party must typically file "a well-reasoned motion to proceed anonymously" before or contemporaneously with filing under pseudonym. see K-Beech, Inc. v. Does 1-29, 826 F. Supp. 2d 903, 905 (W.D.N.C. 2011); John Doe v. Shane Alderson, et al., 2020 U.S. Dist. LEXIS 106220, 172897, 2020 WL 5632968 (E.D. Cal., Sept. 21, 2020).

When weighing the factors identified in Does I thru XXIII, this Court should determine that the potential for physical harm to Defendant and the lack of any demonstrable prejudice to Plaintiff outweighs the public's interest in knowing Defendant's true identity.

## IV. VERIFICATION

I declare under penalty of perjury that the foregoing is true and correct. Executed on the 20th day of July, 2023, in Seattle,

Washington.

_____/s/ Mahsa Parviz_____
MAHSA PARVIZ

Date: July 20, 2023

Respectfully submitted,
_____/s/ Mahsa Parviz_____
MAHSA PARVIZ

FEDERAL DETENTION CENTER
NAME: Mahsa Parviz
REG: 54652509  UNIT: DA
P.O. BOX 13900
SEATTLE, WA. 98198-1090

SEATTLE WA 980
21 JUL 2023 PM 2 L

FILED
LODGED
RECEIVED  MAIL

JUL 24 2023

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

U.S. District Court
Attn: Clerk (for filing in Cause No. 2:23-cv-00755-RSL)
700 Stewart Street, Suite #2310
Seattle, WA 98109

98101-444265