Andrew G. Watters
555 Twin Dolphin Drive, Ste. 135
Redwood City, CA 94065
(415) 261-8527
andrew@andrewwatters.com

Pro se

UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANDREW WATTERS, | Case No.: 2:23-cv-00755-RSL |
| Plaintiff, | |
| vs. | PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER |
| MAHSA PARVIZ, | |
| Defendant. | |

## I. INTRODUCTION

Defendant Mahsa Parviz's (hereinafter "Defendant") Motion for Protective Order, or to Proceeded Under Seal, or to Proceed Under Pseudonym is highly improper and should be denied in its entirety. There is simply no harm to Defendant here if her Motion is denied. What Defendant crucially omits from her filing is that Plaintiff Andrew Watters (hereinafter "Plaintiff") is the victim here. It is patently absurd for Defendant to claim otherwise. As a threshold matter, Defendant was convicted, and is currently in prison, for crimes of moral turpitude based upon her fraudulent statements. This court should consider her history of falsehoods when assessing Defendant's Motion. See attached Exhibit A, a true and correct copy of the Amended Judgment from July 2022, in 2:21-cr-00293-SB.

Secondly, Defendant never served any discovery documents on Plaintiff in this matter. Plaintiff has no knowledge whatsoever as to what Defendant is referring to. Notably absent from Defendant's filing is a Proof of Service of any sort of discovery requests on her part.

Because there is an absence of harm to Defendant here, her Motion should be denied in its entirety.

## II. ARGUMENT

Defendant makes quite a few false claims in her Motion. Defendant entirely mischaracterizes her own May 25, 2023 letter to Plaintiff. Her dishonest retelling now is mind-blowing.

Defendant begins her Motion with misstated claims, "Despite an express directive on May 25, 2023 to not contact Defendant and only communicate with Defendant through her attorney on the DVRO action, Thomas M. Bundy, Esq., Plaintiff continues to engage in the abusive conduct complained of in the Declaration of Mahsa Parviz ("Parviz Decl.") (Dkt. # 15)."

Attached hereto as <u>Exhibit B</u> is a true and correct copy of Defendant's May 25, 2023 letter to Plaintiff. It cannot be the case that Defendant only meant the then non-filed Domestic Violence Restraining Order ("DVRO") in her letter as she refers to both: 1) hearing dates of this litigation, and, 2) cites Federal statutes rather than California statutes. First, time is linear. In her May 25, 2023 letter, Defendant could not possibly have been referring to a June 9, 2023 hearing date in the DVRO matter as the DVRO was not even filed until *July 19, 2023*. Second, Defendant cites the FRCP rules that she filed in her June 8, 2023 Motion to Dismiss and for Protective Order.

Defendant implausibly states, "At no point did Defendant ever tell Plaintiff that Mr. Bundy represents her in this matter and Plaintiff's own attachment serves as proof against his contention." This is categorically false, as evidenced by Defendant's own statements to Plaintiff in her May 25, 2023 letter to Plaintiff. In that letter, Defendant expressly states that "all further communication must be made through her attorney, Thomas M. Bundy, Esq." Defendant further states in the letter, "Do <u>NOT</u> contact me directly" (emphasis in original). There is no way for Plaintiff to perceive these statements to mean anything other than Defendant is represented in this matter by Mr. Bundy.

Defendant contradicts her own argument two paragraphs later, "Plaintiff, who did not attempt to confer about this Court's orders with Defendant through her DVRO attorney as directed, began to send mail to Defendant only after filing his independent Status Report and solely harass Defendant. Accordingly, a protective order is necessary." It is quite clear Defendant knows she asserted to Plaintiff that she was represented by Thomas Bundy in this specific matter. Acting on Defendant's express statements, Plaintiff reached out to Mr. Bundy. Mr. Bundy expressly stated he was not representing Defendant in this matter. Attached hereto as <u>Exhibit C</u> is a true and correct copy of Defendant's DVRO attorney's email response to Plaintiff. As

Defendant is not a represented party, it is only proper for Plaintiff to contact Defendant directly for purposes of this litigation. This is all Plaintiff has done. Therefore, there can be no harassment by Plaintiff.

Of note, Defendant's attorney is not eligible to practice in Washington State as his license (#49498) is currently suspended for MCLE non-compliance. It is unclear whether this is related to Defendant's stated "legal strategy."

## A. <u>There Are No Changed Circumstances to Support A Protective Order</u>

"For good cause, the court may by order in a case: 1) require redaction of additional information; or 2) limit or prohibit a nonparty's remote electronic access to a document filed with the court." USCS Fed Rules Civ Proc R 5.2(e). Good cause for Defendant's Motion is entirely lacking here as none of the typical factors that require redaction or seal are present. There are no filings identifying: 1) the last four digits of the social-security number and taxpayer-identification number; 2) the year of the individual's birth; 3) the minor's initials; or 4) the last four digits of the financial-account number. There is no information that requires redaction nor shows a need to limit or prohibit remote electronic access. Defendant's own conviction is a public record.

Defendant's claim of changed circumstances falls flat based on her own filings in the DVRO, 23-FAM-01495 in San Mateo County, California. First, the DVRO is frivolous and only filed to harass Plaintiff. Plaintiff is the one who's reputation can be harmed here, not Defendant. It is entirely unclear how a person convicted of crimes of moral turpitude, including fraud, can be harmed on account of Plaintiff having to defend himself from Defendant's own false statements.

The only changed circumstance is Plaintiff now has to defend himself from the filing the instant lawsuit was initiated to prevent. Plaintiff is now harmed. If anything, *Plaintiff* should be the one to proceed under a pseudonym here, not Defendant.

It is factually incorrect to state Plaintiff is harassing Defendant. Defendant's DVRO filing is entirely frivolous, and her attorney is subject to sanctions by filing it on Defendant's behalf. First, the DVRO is not signed by Defendant, despite this being mandatory, it is only signed by her attorney. Second, the supporting Declaration by Defendant is not signed at all, let alone under penalty of perjury and the laws of the State of California. The allegations in the Declaration are entirely unverified and, as Defendant's attorney is the only signatory, he is the one making the allegations. This subjects Defendant's attorney to sanctions. Defendant and her counsel know the allegations in the DVRO are false. It is absurd to argue otherwise. The thrust of Defendant's DVRO regards 4 issues: 1) Defendant claims she is harassed by Plaintiff accurately stating Defendant's parental rights were terminated in Texas. She is currently in prison due to her scheme to kidnap her biological child after losing parental rights. She cannot plausibly claim Plaintiff's statements are not true; 2) Defendant claims she filed a police report against Plaintiff in Austin, Texas. This is simply false as the party expressly listed in the police report is Defendant's own former brother-in-law. No one would ever mistake Plaintiff for Defendant's ex brother-in-law. Her only argument would be she filed a false police report. It is unclear how that would be received by the courts; 3) Defendant claims she is a Medical Doctor from Harvard. The issue for Defendant is that Harvard has no record of her attending Harvard Medical School, let alone graduating, and 4) Defendant claims Plaintiff represented her as her attorney. This is not true as the parties were in a dating relationship, not an attorney client relationship. It is false to state Plaintiff was her attorney.

Regarding Defendant's statements about Initial Disclosures, The Rule 26(f) conference has not occurred, therefore initial disclosures are not required at this time.

**B.  Defendant's Motion to Seal**

"The court may order that a filing be made under seal without redaction. The court may later unseal the filing or order the person who made the filing to file a redacted version for the public record." USCS Fed Rules Civ Proc R 5.2(d). Good cause is entirely lacking here as the typical factors that require redaction or seal are present. There are no filings identifying 1) the last four digits of the social-security number and taxpayer-identification number; 2) the year of the individual's birth; 3) the minor's initials; or 4) the last four digits of the financial-account number. There is no information that requires redaction nor shows a need to limit or prohibit remote electronic access. Defendant's own conviction is a public record.

It is unclear what Defendant refers to when she states, "Defendant's May 25, 2023 counter-claims arise out of Plaintiffs conduct during and after the alleged relationship with and legal representation of Defendant, and are of a sensitive nature such that Defendant initially moved this Court for a protective order sealing the entire case in order to file her counter-claims." Plaintiff has no knowledge of any counter claims in this matter. This court may note that there are no counter claims on the docket. In any event, if Defendant does intend to file counter claims, her alleged defamation claims are subject to an Anti-SLAPP analysis and Plaintiff would be entitled to recover attorney fees and costs from Defendant.

For her factual support, Defendant states, "Plaintiffs false and defamatory statements (e.g. that Defendant's minor daughter is in foster care, when she is not, and that Defendant is an incompetent 9-time felon, which she is not) made directly to Defendant's employers, legal team, research sponsors, and to the public through public disclosure on his law firm website." First,

Defendant's biological child is in foster care as Defendant's parental rights have been terminated. This is not a false statement of fact by Plaintiff. Second, Defendant has a long rap sheet, and she is, in fact, a multiple time felon. It is unclear whether Defendant has been convicted of more than 9 felonies, or if that is her basis for the statement allegedly being false.

Defendant further states, "Defendant initially provided the Court with evidence of ongoing criminal prosecutions related to Plaintiffs complaint, which the Court filed under seal. Defendant's counter-claims, which Defendant has not been able to bring before the Court, relate to criminal matters that have not yet been referred for prosecution and are therefore not public, and cite to witness statements to such an extent that redaction is impracticable. Sealing therefore serves a compelling interest." If Defendant is accusing Plaintiff of criminal conduct, Plaintiff has a right to know and to confront his accuser. As Plaintiff has not committed any crimes, nor could Defendant plausibly state any, Defendant's own argument cuts against the filing under seal. Defendant's Motion to Seal is simply made to prejudice this court against Plaintiff. Defendant cannot try to poison the well and then claim she needs her statements to be protected.

Additionally, the cases cited by Defendant are not relevant here. Defendant cites *United States v. Jackson* (W.D.Wash. Sep. 26, 2022, No. CR22-037-RSL) 2022 U.S.Dist.LEXIS 173530, a criminal case ruling on the Government's Motion, and not relevant to this litigation. Defendant cites *Animal Legal Def. Fund v. Olympic Game Farm, Inc.* (W.D.Wash. Mar. 6, 2023, No. 3:18-cv-06025-RSL) 2023 U.S.Dist.LEXIS 39227, an order granting defendant's motion to seal that is just not relevant here. Defendant relies on prior orders from this Court in entirely unrelated cases, with different matters of law and different matters of fact for her basis here.

They are not precedent for this court to consider. Plaintiff is the one harmed here, not Defendant. If Defendant intends to make claims and allegations about criminal conduct, Plaintiff has a right to know without the filings being under seal.

## C. <u>Motion to Proceed Under Pseudonym</u>

Under the federal rules, the presumption is the names of the parties to the litigation must be revealed. The title of the complaint must name all the parties. See USCS Fed Rules Civ Proc R 10(a). For a court to grant an exception to that Rule, it must consider the following factors: 1) Whether the litigation involves matters that are highly sensitive and of a personal nature; 2) whether identification poses a risk of retaliatory harm to a party seeking to proceed anonymously or even more critically, to innocent non-parties; 3) whether identification presents other harms and the likely severity of those harms; 4) whether plaintiff is particularly vulnerable to possible harm from disclosure; 5) whether the suit is challenging actions of government or that of private parties; 6) whether defendant is prejudiced by allowing plaintiff to press claims anonymously and whether the nature of that prejudice differs at any particular stage of the litigation or can be mitigated by the district court; 7) whether plaintiff's identity has thus far been kept confidential; 8) whether the public's interest in the litigation is furthered by requiring plaintiff to disclose his identity; 9) whether, because of the purely legal nature of issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and 10) whether there are any alternative mechanisms for protecting the confidentiality of plaintiff. None of the factors support Defendant here, 1) the litigation is not sensitive to Defendant as she is the one making false claims, 2) there is no risk of retaliation to her from Plaintiff, again he is simply protecting his rights and reputation here, 3) there are no harms present to Defendant, 4) Defendant is not vulnerable to disclosure as the subject is her own criminal conviction, a public record, 5)

Plaintiff's suit is an attempt to stop Defendant's extortion and harassment; 6) *Plaintiff* is harmed if Defendant is planning on making more false accusations and false claims of criminal activity, 7) Defendant's identity has not been confidential, and she has filed suit in her own name in other courts, i.e. the DVRO; 8) the public's interest is not furthered because Defendant should not be able to make false accusations under a pseudonym, her allegations are not protected speech, 9) the issues are not purely legal, and 10) alternative mechanisms exist. The factors weigh heavily on Defendant's name being public here, not as a "Jane Doe"

Defendant has no need to proceed under pseudonym here. Again, Plaintiff is the one who is being harmed here, not Defendant. Plaintiff filed this lawsuit to prevent Defendant from filing her false and frivolous DVRO, as she seeks to harm Plaintiff's reputation. Defendant cannot now hide behind a pseudonym when she is the one harming Plaintiff's reputation. Defendant's fears are outweighed by Plaintiff's harms here. Defendant will not be prejudiced by having to defend herself in this litigation. She initiated the DVRO in her *own* name. It defies belief that she can be concerned with her name being public in this matter, yet takes no action to hide her name in the DVRO where she trashes Plaintiff's reputation. Her inconsistent actions do not support her alleged "need" to be a Jane Doe.

## III.   CONCLUSION

As there is an absence of harm to Defendant here, for the foregoing reasons, Defendant' Motion should be denied in its entirety.


Dated: August 7, 2023                                *Andrew G. Watters*

_____

Andrew G. Watters
Pro se

# Exhibit A

**United States District Court**
**Central District of California**

**JS-3**

cc: USM; BOP; USPO

**AMENDED**

UNITED STATES OF AMERICA vs.

**Defendant**   Mahsa Parviz (#54652-509)

Mahsa A. Parvizkyavi, Mahsa Masokhyavi, Mahsa
Parviz Khyavi, Mahsa Parviz Khuavi, Maryam
akas:   Farahmand

**Docket No.**   2:21-cr-00293-SB-1

**Social Security No.**   7   4   4   6

(Last 4 digits)

| | | |
|---|---|---|

**JUDGMENT AND PROBATION/COMMITMENT ORDER**

In the presence of the attorney for the government, the defendant appeared in person on this date.

| MONTH | DAY | YEAR |
|---|---|---|
| July | 12 | 2022 |

**COUNSEL**   **Ken Behzadi, Retained**

(Name of Counsel)

**PLEA**   **X** **GUILTY,** and the court being satisfied that there is a factual basis for the plea.   ☐ **NOLO CONTENDERE**   ☐ **NOT GUILTY**

**FINDING**   There being a verdict of **GUILTY** on December 16, 2021**,** defendant has been convicted as charged of the offense(s) of: **False Statement in a Passport Application in violation of 18 U.S.C. § 1542, as charged in Count One of the Indictment; Aggravated Identity Theft in violation of 18 U.S.C. § 1028A(a)(1), as charged in Count Two of the Indictment**.

**JUDGMENT AND PROB/ COMM ORDER**   The Court asked whether there was any reason why judgment should not be pronounced.  Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that: **Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court the defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a total term of 61 months: 37 Months as to Count One and 24 Months as to Count Two, to be served consecutively.**

Upon release from imprisonment, the defendant shall be placed on supervised release for three years as to Count One and one year as to Count two, to be served concurrently, for a total term of **three years** under the following terms and conditions:

1.   The defendant shall comply with the rules and regulations of the United States Probation & Pretrial Services Office and Second Amended General Order 20-04.

2.   During the period of community supervision, the defendant shall pay the special assessment in accordance with this judgment's orders pertaining to such payment.

3.   The defendant shall cooperate in the collection of a DNA sample from the defendant.

4.   The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from custody and at least two periodic drug tests thereafter, not to exceed eight tests per month, as directed by the Probation Officer.

5.   The defendant shall participate in mental health treatment, which may include evaluation and counseling, until discharged from the program by the treatment provider, with the approval of the Probation Officer.

6.   As directed by the Probation Officer, the defendant shall pay all or part of the costs of the Court-ordered treatment to the aftercare contractors during the period of community supervision.  The defendant shall provide payment and proof of payment as directed by the Probation Officer.  If the defendant has no ability to pay, no payment shall be required.

7.   The defendant shall truthfully and timely file and pay taxes owed for the years of conviction and shall truthfully and timely file and pay taxes during the period of community supervision.  Further, the defendant shall show proof to the Probation Officer of compliance with this order.

USA vs.   Mahsa Parviz (#54652-509)                          Docket No.:   2:21-cr-00293-SB-1

8.   The defendant shall not obtain or possess any driver's license, Social Security number, birth certificate, passport, or any other form of identification in any name, other than the defendant's true legal name, nor shall the defendant use, any name other than the defendant's true legal name without the prior written approval of the Probation Officer.

9.   The defendant shall submit the defendant's person, property, house, residence, vehicle, papers, computers, cell phones, other electronic communications or data storage devices or media, email accounts, social media accounts, cloud storage accounts, or other areas under the defendant's control, to a search conducted by a United States Probation Officer or law enforcement officer. Failure to submit to a search may be grounds for revocation.  The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition. Any search pursuant to this condition will be conducted at a reasonable time and in a reasonable manner upon reasonable suspicion that the defendant has violated a condition of his supervision and that the areas to be searched contain evidence of this violation.

10.  The defendant shall not contact her biological daughter C.P., by any means, including in person, by mail or electronic means, or via third parties. Further, the defendant shall always remain at least 100 yards from C.P. If any contact occurs, the defendant shall immediately leave the area of contact and report the contact to the Probation Officer.

It is ordered that the defendant shall pay to the United States a special assessment of $200, which is due immediately. Any unpaid balance shall be due during the period of imprisonment, at the rate of not less than $25 per quarter, and pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program.

Pursuant to Guideline Section 5E1.2(a), all fines are waived as the Court finds that the defendant has established that she is unable to pay and is not likely to become able to pay any fine.

The Court authorizes the Probation Officer to disclose the Presentence Report, and any previous mental health evaluations or reports, to the treatment provider.  The treatment provider may provide information (excluding the Presentence report), to State or local social service agencies (such as the State of California, Department of Social Service), for the purpose of the client's rehabilitation.

Defendant informed of her right to appeal.

The Court, having issued no preliminary order of forfeiture, dismisses any pending forfeiture allegations within the underlying indictment.

The Court, having found the U.S. Probation Office acknowledged an error in paragraph fifteen of the Presentence Report, **GRANTS** the Government's motion for the U.S. Probation Office to further revise the Presentence Report and file an amended PSR forthwith.

The Court reiterates the importance of compliance with Supervised Release Condition 10 as stated on the record.  But the Court declines the Government's request to modify Condition 10 to include unspecified caregivers as unnecessary because the condition bars direct or indirect contact with CP (and the Government has not shown that the kidnapping case in Texas did not result in a protective order in favor of specified caregivers).

The Court, having heard no motion to the Court for designation of the Defendant, declines to recommend a designation for her term of imprisonment at this time.

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed.  The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

July 12, 2022
_____                    _____
Date                                        Hon. Stanley Blumenfeld, Jr.
                                            U. S. District Judge

USA vs.   Mahsa Parviz (#54652-509)                    Docket No.:   2:21-cr-00293-SB-1

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.


Clerk, U.S. District Court


July 12, 2022                          By _____
Filed Date                                  Jennifer Graciano
                                            Deputy Clerk


The defendant must comply with the standard conditions that have been adopted by this court (set forth below).

## STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this judgment:

1. The defendant must not commit another federal, state, or local crime;
2. The defendant must report to the probation office in the federal judicial district of residence within 72 hours of imposition of a sentence of probation or release from imprisonment, unless otherwise directed by the probation officer;
3. The defendant must report to the probation office as instructed by the court or probation officer;
4. The defendant must not knowingly leave the judicial district without first receiving the permission of the court or probation officer;
5. The defendant must answer truthfully the inquiries of the probation officer, unless legitimately asserting his or her Fifth Amendment right against self-incrimination as to new criminal conduct;
6. The defendant must reside at a location approved by the probation officer and must notify the probation officer at least 10 days before any anticipated change or within 72 hours of an unanticipated change in residence or persons living in defendant's residence;
7. The defendant must permit the probation officer to contact him or her at any time at home or elsewhere and must permit confiscation of any contraband prohibited by law or the terms of supervision and observed in plain view by the probation officer;
8. The defendant must work at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons and must notify the probation officer at least ten days before any change in employment or within 72 hours of an unanticipated change;

9. The defendant must not knowingly associate with any persons engaged in criminal activity and must not knowingly associate with any person convicted of a felony unless granted permission to do so by the probation officer. This condition will not apply to intimate family members, unless the court has completed an individualized review and has determined that the restriction is necessary for protection of the community or rehabilitation;
10. The defendant must refrain from excessive use of alcohol and must not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
11. The defendant must notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
12. For felony cases, the defendant must not possess a firearm, ammunition, destructive device, or any other dangerous weapon;
13. The defendant must not act or enter into any agreement with a law enforcement agency to act as an informant or source without the permission of the court;
14. The defendant must follow the instructions of the probation officer to implement the orders of the court, afford adequate deterrence from criminal conduct, protect the public from further crimes of the defendant; and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

USA vs.   Mahsa Parviz (#54652-509)                          Docket No.:      2:21-cr-00293-SB-1

☐   The defendant must also comply with the following special conditions (set forth below).

## STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS

The defendant must pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment under 18 U.S.C. § 3612(f)(1). Payments may be subject to penalties for default and delinquency under 18 U.S.C. § 3612(g). Interest and penalties pertaining to restitution, however, are not applicable for offenses completed before April 24, 1996. Assessments, restitution, fines, penalties, and costs must be paid by certified check or money order made payable to "Clerk, U.S. District Court." Each certified check or money order must include the case name and number. Payments must be delivered to:

United States District Court, Central District of California
Attn: Fiscal Department
255 East Temple Street, Room 1178
Los Angeles, CA 90012

or such other address as the Court may in future direct.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant must pay the balance as directed by the United States Attorney's Office. 18 U.S.C. § 3613.

The defendant must notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence address until all fines, restitution, costs, and special assessments are paid in full. 18 U.S.C. § 3612(b)(l)(F).

The defendant must notify the Court (through the Probation Office) and the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. § 3664(k). The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution under 18 U.S.C. § 3664(k). See also 18 U.S.C. § 3572(d)(3) and for probation 18 U.S.C. § 3563(a)(7).

Payments will be applied in the following order:

1. Special assessments under 18 U.S.C. § 3013;
2. Restitution, in this sequence under 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid):
   Non-federal victims (individual and corporate),
   Providers of compensation to non-federal victims,
   The United States as victim;
3. Fine;
4. Community restitution, under 18 U.S.C. § 3663(c); and
5. Other penalties and costs.

## CONDITIONS OF PROBATION AND SUPERVISED RELEASE PERTAINING TO FINANCIAL SANCTIONS

As directed by the Probation Officer, the defendant must provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant. In addition, the defendant must not apply for any loan or open any line of credit without prior approval of the Probation Officer.

When supervision begins, and at any time thereafter upon request of the Probation Officer, the defendant must produce to the Probation and Pretrial Services Office records of all bank or investments accounts to which the defendant has access, including any business or trust accounts. Thereafter, for the term of supervision, the defendant must notify and receive approval of the Probation Office in advance of opening a new account or modifying or closing an existing one, including adding or deleting signatories; changing the account number or name, address, or other identifying information affiliated with the account; or any other modification. If the Probation Office approves the new account, modification or closing, the defendant must give the Probation Officer all related account records within 10 days of opening, modifying or closing the account. The defendant must not direct or ask anyone else to open or maintain any account on the defendant's behalf.

The defendant must not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

These conditions are in addition to any other conditions imposed by this judgment.

USA vs.   Mahsa Parviz (#54652-509)                    Docket No.:   2:21-cr-00293-SB-1

---

## RETURN

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____

Defendant noted on appeal on _____

Defendant released on _____

Mandate issued on _____

Defendant's appeal determined on _____

Defendant delivered on _____ to _____

at _____

the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

_____          By  _____
Date                                   Deputy Marshal

## CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court

_____          By  _____
Filed Date                             Deputy Clerk

---

## FOR U.S. PROBATION OFFICE USE ONLY

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me.  I fully understand the conditions and have been provided a copy of them.

(Signed) _____          _____
         Defendant                                  Date

_____          _____
U. S. Probation Officer/Designated Witness          Date

# Exhibit B

From: Mahsa Parviz
To: Andrew G. Watters

May 25th, 2023

via USPS RRR No. 70111500001197938427

Please take notice of filing under seal on May 25th, 2023: Verified Rule 12 Motion, Answer, Motion for Sanctions Under Rule 11 and/or 28 U.S.C. § 1927, AND REQUEST FOR PROTECTIVE ORDER UNDER RULE 5.2 (e). A hearing will take place on Friday, June 9th, 2023.

All further communication must be made through my attorney, Thomas M. Bundy, Esq.: (909) 281-3500, thomas@bundy-law.com. Do NOT contact me directly.

Dated: _May 25th, 2023_

*[Signature block. See Form No. 5.2:1]*

_M Parviz_

MAHSA PARVIZ

© 2023 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

54652509

# Exhibit C

**Subject:** Re: Watters v. Parviz – 2:23–cv–00755–RSL (W.D. Wash.)
**From:** Thomas Bundy <thomasmbundy@yahoo.com>
**Date:** 6/26/23, 10:24 AM
**To:** "Andrew G. Watters" <andrew@andrewwatters.com>
**CC:** thomas@bundy–law.com

I won't be representing her in the Washington case

Sent from my iPhone

> On Jun 26, 2023, at 9:57 AM, Andrew G. Watters <andrew@andrewwatters.com> wrote:
>
> Hi Thomas,
>
> Just following up–– I was ordered to meet and confer and she said to only contact you...please let me know either way whether you represent Ms. Parviz.
>
> Best,
>
> Andrew G. Watters
> andrew@andrewwatters.com
> +1 (415) 261–8527
> https://www.andrewwatters.com
>
>> On 6/20/2023 3:38 PM, Andrew G. Watters wrote:
>> Hi Thomas,
>> Any decision yet on the representation?  Please let me know.
>> Thanks,
>> Andrew G. Watters
>> andrew@andrewwatters.com
>> +1 (415) 261–8527
>> https://www.andrewwatters.com
>>> On 6/12/2023 1:35 PM, Thomas Bundy wrote:
>>> She has requested that I represent her. I have not yet accepted the representation but it's obviously difficult communicating with her while she is in prison. I'll let you know when/if she officially retains me.
>>>
>>> Sorry for the confusion
>>>
>>> Thomas
>>>
>>> Sent from my iPhone
>>>
>>>> On Jun 12, 2023, at 12:26 PM, Andrew G. Watters <andrew@andrewwatters.com> wrote:
>>>>
>>>> Dear Mr. Bundy,
>>>>
>>>> Ms. Parviz sent me a note expressly asking me to not contact her and to only contact you, whom she represented to be her attorney.
>>>>
>>>> Please confirm that you represent Ms. Parviz, as the court has set deadlines for a joint status report, etc. as indicated in the enclosed order.
>>>>
>>>> Thank you,
>>>>
>>>> Andrew Watters
>>>>
>>>> --
>>>> Andrew G. Watters
>>>> andrew@andrewwatters.com
>>>> +1 (415) 261–8527
>>>> https://www.andrewwatters.com

<9435994-0--76534.pdf>