TRULINCS 54652509 - PARVIZ, MAHSA - Unit: SET-D-A

---

FROM: 54652509
TO: Bundy, Thomas; Legal, Diaz; Parvis, Shamsi
SUBJECT: lasnikorders@wawd.uscourts.gov
DATE: 08/06/2023 07:59:34 PM



Mahsa Parviz
P.O. Box 13900
Seattle, WA 98198
mparviz@linkedup.vip
Defendant

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANDREW GEORGE WATTERS,<br>Plaintiff, | No. 2:23-cv-00755-RSL |
| v. | VERIFIED EMERGENCY<br>MOTION FOR TEMPORARY<br>RESTRAINING ORDER |
| MAHSA PARVIZ,<br>Defendant. | PURSUANT TO LCR 65(b) |

COMES NOW, Defendant Mahsa Parviz, and files this Verified Emergency Motion for Temporary Restraining Order Pursuant to Local Civil Rule 65(b).

I. LEGAL FRAMEWORK
The procedure for obtaining a temporary restraining order differs from that which is applicable in the preliminary injunction context, but the factors considered by the Court are the same. In order to obtain preliminary injunctive relief, plaintiffs must establish that "(1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in their favor, and (4) an injunction is in the public interest." Short v. Brown, 893 F.3d 671, 675 (9th Cir. 2018) (2008). In the Ninth Circuit, "if a plaintiff can only show that there are serious questions going to the merits - a lesser showing than likelihood of success on the merits - then a preliminary injunction may still issue if the balance of hardships tips sharply in the plaintiff's favor, and the other two Winter factors are satisfied." Feldman v. Ariz. Sec. of State's Office, 843 F.3d 366, 375 (9th Cir. 2016) (quoting Shell Offshore, Inc. v. Greenpeace, Inc., 709 F.3d 1281, 1291 (9th Cir. 2013)) (internal quotation marks omitted, emphasis in original).

II. TEMPORARY RESTRAINING ORDER
 1.  On July 17, 2023, the Hon. Robert S. Lasnik issued an Amended Second Order to Show Cause ("OSC") (Dkt. # 16), finding that "it certainly appears that plaintiff is using the federal court system to pursue a personal vendetta against Ms. Parviz rather than to obtain relief for any legally cognizable harm" and stated that imposition of sanctions "will be best determined after plaintiff responds" to the OSC. The OSC granted Defendant's Verified Rule 12 Motion (Dkt. # 8). Accordingly, Defendant has demonstrated that she is likely to succeed on the merits and the first prong of the Winter factors for obtaining preliminary injunctive relief is satisfied.
 2.  On July 27, 2023, Plaintiff Andrew George Watters filed a response to the OSC. Therein, he stated that his IPv4 address is 38.122.223.130.
 3.  Earlier that month, Defendant had been alerted to suspicious activity on her Gmail account, which showed a login originating from California on July 19, 2023, at 4:34 pm, the same day that the domestic violence prevention action was filed as Case No. 23-FAM-01495 in the Superior Court of California, San Mateo County.
 4.  On July 31, 2023, Defendant confirmed the IP address associated with this most recent unauthorized login belongs to Mr. Watters. Defendant's Gmail account is linked to her personal social media accounts and Google Drive, which contains private photos and confidential material, including case files and documents relevant to the domestic violence action, this case, and other litigation.
 5.  On information and belief, Watters accessed Defendant's Gmail account without her permission because he assumed that Defendant, who is presently at FDC SeaTac, would not be alerted to this unauthorized login.
 6.  Accordingly, Defendant seeks this temporary restraining order to:
    (a)   preserve the status quo;
    (b)   prevent spoliation of evidence;

TRULINCS 54652509 - PARVIZ, MAHSA - Unit: SET-D-A

--------------------------------------------------------------------------------

    (c)    prevent distribution of Defendant's private photos and personal content;
    (d)    prevent distribution and/or spoliation of confidential material, including case files and discovery relevant to the domestic violence action, this case, Defendant's family law case files, Cause Nos. D-1-DC-21-900031, D-1-DC-21-900032 and D-1-DC-19-900036 in Travis County, Texas, and other criminal and civil proceedings;
    (e)    preserve and produce a specific document of interest at risk of spoliation, identified as the affidavit of Blake Riad-James Maso, executed on December 3, 2018 for filing in Collin County, Texas, sealed Cause No. 469-30012-2018.

7. Unless and until the relief sought in this motion is granted, Defendant has reason to believe that her rights to freedom of association, freedom of inquiry and thought, due process of law and the right to privacy will continue to be infringed, harassed, threatened, impeded, and otherwise interfered with.

8. The equitable relief sought herein is necessary to preserve the status quo. Defendant has no adequate remedy at law and is likely to suffer irreparable harm in the absence of preliminary relief. Equitable relief is necessary as the present domestic violence restraining order is statutorily limited in scope, only applies to Plaintiff's conduct and does not extend to the actions of his agents and others in active concert or participation who may otherwise be bound under FRCP 65(d)(2).

9. Absent issuance of a Temporary Restraining Order enjoining Plaintiff, his agents and others in active concert or participation who are bound under FRCP 65(d)(2), from destroying or disseminating the foregoing content associated with Defendant's Gmail account, Defendant will suffer immediate and irreparable injury, including, but not limited to, the loss of evidence necessary to present a defense and/or testify as a witness, unjust enrichment to adverse parties, harassment and public humiliation, infringement of constitutionally protected interests, and excessive costs in hiring attorneys, forensic IT specialists, and other experts to recover Defendant's intellectual property and restore her to her original position should Plaintiff not be enjoined from engaging in the foregoing conduct. Accordingly, Defendant satisfies the second prong of the Winter factors.

10. The balance of hardships and the public interest tip sharply in Defendant's favor. The relief sought does not prejudice Plaintiff's rights or injure Plaintiff, and only prevents destruction and/or dissemination of documents which rightfully belong to Defendant. The relief sought herein is also in the public's interest as it would effectively prevent the unnecessary expenditure of time, money, and judicial resources which would be required to partially remedy the foreseeable harm. Accordingly, Defendant satisfies the third and fourth prongs of the preliminary injunctive relief inquiry.

III. BOND

Defendant respectfully requests this Court finds, as a factual matter, that granting injunctive relief carries no risk of monetary loss to the party enjoined or restrained.

Defendant further requests that, pursuant to FRCP 65(c), this Court finds that security in the amount of $0.00, or any other sum, be deemed proper by the Court as the restrained party is not likely to sustain any costs or damages if it is later determined that the party has been wrongfully restrained or enjoined. Defendant is otherwise willing and able to satisfy any such costs or damages, dispensing with the necessity of security in excess of $0.00.

### VERIFICATION

I, Mahsa Parviz, am the Defendant in this matter. I declare under penalty of perjury that the foregoing facts are true and correct to the best of my knowledge.

Executed on August 6, 2023 in Seattle, Washington.

                                              /s/ Mahsa Parviz
                                              MAHSA PARVIZ

III. PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant prays that the temporary restraining order sought in this motion be granted and a reasonable bond be set, that a hearing on its conversion to a preliminary injunction be set for 14 days from the date of entry of the temporary restraining order, that a preliminary and permanent injunction subsequently issue, that the Clerk issue Notice of the Temporary Restraining Order and Hearing on Plaintiff, Defendant, and any third-parties in active concert or participation under FRCP 65(d)(2), and that Defendant be granted any other such relief to which she may be entitled at law or equity.

Date: August 6, 2023                               Respectfully submitted,

                                                            /s/ Mahsa Parviz
                                                           MAHSA PARVIZ

### CERTIFICATE OF SERVICE

I hereby declare under penalty of perjury that a true and correct copy of the foregoing was mailed via USPS certified mail

TRULINCS 54652509 - PARVIZ, MAHSA - Unit: SET-D-A

----------------------------------------------------------------------------------------------------

RRR # 70111150000197938632 on August 6, 2023, to Plaintiff at:
ANDREW WATTERS
555 TWIN DOLPHIN DR. #135
SAN MATEO, CA 94065

I further declare that a true and correct copy of the foregoing was mailed via USPS certified mail with signature confirmation restricted delivery RRR # 70191640000225496202 on August 6, 2023, to the following third-parties in active concert or participation under FRCP 65(d)(2), at:
KAREN BLAKELY TURNER
8080 N. CENTRAL EXPRESSWAY
#1300
DALLAS, TX 75206

Date: August 6, 2023

/s/ Mahsa Parviz
MAHSA PARVIZ

TRULINCS 54652509 - PARVIZ, MAHSA - Unit: SET-D-A

---

FROM: 54652509
TO: Bundy, Thomas; Legal, Diaz; Parvis, Shamsi
SUBJECT: lasnikorders@wawd.uscourts.gov
DATE: 08/06/2023 07:59:34 PM



Mahsa Parviz
P.O. Box 13900
Seattle, WA 98198
mparviz@linkedup.vip
Defendant

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANDREW GEORGE WATTERS,<br>Plaintiff, | ) No. 2:23-cv-00755-RSL<br>)<br>) VERIFIED EMERGENCY |
| v. | ) MOTION FOR TEMPORARY<br>) RESTRAINING ORDER |
| MAHSA PARVIZ,<br>Defendant. | ) PURSUANT TO LCR 65(b)<br>)<br>) |

COMES NOW, Defendant Mahsa Parviz, and files this Verified Emergency Motion for Temporary Restraining Order Pursuant to Local Civil Rule 65(b).

I. LEGAL FRAMEWORK
The procedure for obtaining a temporary restraining order differs from that which is applicable in the preliminary injunction context, but the factors considered by the Court are the same. In order to obtain preliminary injunctive relief, plaintiffs must establish that "(1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in their favor, and (4) an injunction is in the public interest." Short v. Brown, 893 F.3d 671, 675 (9th Cir. 2018) (2008). In the Ninth Circuit, "if a plaintiff can only show that there are serious questions going to the merits - a lesser showing than likelihood of success on the merits - then a preliminary injunction may still issue if the balance of hardships tips sharply in the plaintiff's favor, and the other two Winter factors are satisfied." Feldman v. Ariz. Sec. of State's Office, 843 F.3d 366, 375 (9th Cir. 2016) (quoting Shell Offshore, Inc. v. Greenpeace, Inc., 709 F.3d 1281, 1291 (9th Cir. 2013)) (internal quotation marks omitted, emphasis in original).

II. TEMPORARY RESTRAINING ORDER
 1.  On July 17, 2023, the Hon. Robert S. Lasnik issued an Amended Second Order to Show Cause ("OSC") (Dkt. # 16), finding that "it certainly appears that plaintiff is using the federal court system to pursue a personal vendetta against Ms. Parviz rather than to obtain relief for any legally cognizable harm" and stated that imposition of sanctions "will be best determined after plaintiff responds" to the OSC. The OSC granted Defendant's Verified Rule 12 Motion (Dkt. # 8). Accordingly, Defendant has demonstrated that she is likely to succeed on the merits and the first prong of the Winter factors for obtaining preliminary injunctive relief is satisfied.
 2.  On July 27, 2023, Plaintiff Andrew George Watters filed a response to the OSC. Therein, he stated that his IPv4 address is 38.122.223.130.
 3.  Earlier that month, Defendant had been alerted to suspicious activity on her Gmail account, which showed a login originating from California on July 19, 2023, at 4:34 pm, the same day that the domestic violence prevention action was filed as Case No. 23-FAM-01495 in the Superior Court of California, San Mateo County.
 4.  On July 31, 2023, Defendant confirmed the IP address associated with this most recent unauthorized login belongs to Mr. Watters. Defendant's Gmail account is linked to her personal social media accounts and Google Drive, which contains private photos and confidential material, including case files and documents relevant to the domestic violence action, this case, and other litigation.
 5.  On information and belief, Watters accessed Defendant's Gmail account without her permission because he assumed that Defendant, who is presently at FDC SeaTac, would not be alerted to this unauthorized login.
 6.  Accordingly, Defendant seeks this temporary restraining order to:
    (a)  preserve the status quo;
    (b)  prevent spoliation of evidence;

TRULINCS 54652509 - PARVIZ, MAHSA - Unit: SET-D-A

----------------------------------------------------------------------------------

    (c)    prevent distribution of Defendant's private photos and personal content;

    (d)    prevent distribution and/or spoliation of confidential material, including case files and discovery relevant to the domestic violence action, this case, Defendant's family law case files, Cause Nos. D-1-DC-21-900031, D-1-DC-21-900032 and D-1-DC-19-900036 in Travis County, Texas, and other criminal and civil proceedings;

    (e)    preserve and produce a specific document of interest at risk of spoliation, identified as the affidavit of Blake Riad-James Maso, executed on December 3, 2018 for filing in Collin County, Texas, sealed Cause No. 469-30012-2018.

7. Unless and until the relief sought in this motion is granted, Defendant has reason to believe that her rights to freedom of association, freedom of inquiry and thought, due process of law and the right to privacy will continue to be infringed, harassed, threatened, impeded, and otherwise interfered with.

8. The equitable relief sought herein is necessary to preserve the status quo. Defendant has no adequate remedy at law and is likely to suffer irreparable harm in the absence of preliminary relief. Equitable relief is necessary as the present domestic violence restraining order is statutorily limited in scope, only applies to Plaintiff's conduct and does not extend to the actions of his agents and others in active concert or participation who may otherwise be bound under FRCP 65(d)(2).

9. Absent issuance of a Temporary Restraining Order enjoining Plaintiff, his agents and others in active concert or participation who are bound under FRCP 65(d)(2), from destroying or disseminating the foregoing content associated with Defendant's Gmail account, Defendant will suffer immediate and irreparable injury, including, but not limited to, the loss of evidence necessary to present a defense and/or testify as a witness, unjust enrichment to adverse parties, harassment and public humiliation, infringement of constitutionally protected interests, and excessive costs in hiring attorneys, forensic IT specialists, and other experts to recover Defendant's intellectual property and restore her to her original position should Plaintiff not be enjoined from engaging in the foregoing conduct. Accordingly, Defendant satisfies the second prong of the Winter factors.

10. The balance of hardships and the public interest tip sharply in Defendant's favor. The relief sought does not prejudice Plaintiff's rights or injure Plaintiff, and only prevents destruction and/or dissemination of documents which rightfully belong to Defendant. The relief sought herein is also in the public's interest as it would effectively prevent the unnecessary expenditure of time, money, and judicial resources which would be required to partially remedy the foreseeable harm. Accordingly, Defendant satisfies the third and fourth prongs of the preliminary injunctive relief inquiry.

## III. BOND

Defendant respectfully requests this Court finds, as a factual matter, that granting injunctive relief carries no risk of monetary loss to the party enjoined or restrained.

Defendant further requests that, pursuant to FRCP 65(c), this Court finds that security in the amount of $0.00, or any other sum, be deemed proper by the Court as the restrained party is not likely to sustain any costs or damages if it is later determined that the party has been wrongfully restrained or enjoined. Defendant is otherwise willing and able to satisfy any such costs or damages, dispensing with the necessity of security in excess of $0.00.

## VERIFICATION

I, Mahsa Parviz, am the Defendant in this matter. I declare under penalty of perjury that the foregoing facts are true and correct to the best of my knowledge.

Executed on August 6, 2023 in Seattle, Washington.

                                                                                /s/ Mahsa Parviz
                                                                                MAHSA PARVIZ

## III. PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant prays that the temporary restraining order sought in this motion be granted and a reasonable bond be set, that a hearing on its conversion to a preliminary injunction be set for 14 days from the date of entry of the temporary restraining order, that a preliminary and permanent injunction subsequently issue, that the Clerk issue Notice of the Temporary Restraining Order and Hearing on Plaintiff, Defendant, and any third-parties in active concert or participation under FRCP 65(d)(2), and that Defendant be granted any other such relief to which she may be entitled at law or equity.

Date: August 6, 2023                                    Respectfully submitted,

                                                                      /s/ Mahsa Parviz
                                                                      MAHSA PARVIZ

## CERTIFICATE OF SERVICE

I hereby declare under penalty of perjury that a true and correct copy of the foregoing was mailed via USPS certified mail

TRULINCS 54652509 - PARVIZ, MAHSA - Unit: SET-D-A

----------------------------------------------------------------------------------

RRR # 70111150000197938632 on August 6, 2023, to Plaintiff at:
ANDREW WATTERS
555 TWIN DOLPHIN DR. #135
SAN MATEO, CA 94065

I further declare that a true and correct copy of the foregoing was mailed via USPS certified mail with signature confirmation restricted delivery RRR # 70191640000225496202 on August 6, 2023, to the following third-parties in active concert or participation under FRCP 65(d)(2), at:
KAREN BLAKELY TURNER
8080 N. CENTRAL EXPRESSWAY
#1300
DALLAS, TX 75206

Date: August 6, 2023

/s/ Mahsa Parviz
MAHSA PARVIZ

TRULINCS 54652509 - PARVIZ, MAHSA - Unit: SET-D-A

---

FROM: 54652509
TO: Bundy, Thomas; Legal, Diaz; Parvis, Shamsi
SUBJECT: lasnikorders@wawd.uscourts.gov
DATE: 08/06/2023 08:09:42 PM



In re: Cause No. 2:23-cv-00755-RSL

---

Dear Clerk,

   I have emailed and mailed today, via USPS First Class mail, a Verified Emergency Motion for Temporary Restraining Order Pursuant to Local Civil Rule 65(b), for filing in the above-numbered cause. I will also be providing a proposed order in the same format as the motion if the Court is satisfied this format. I unfortunately do not have access to Microsoft Word and understand if the Court prefers to issue its own order.

   Please do not hesitate to contact me via email at mparviz@linkedup.vip or bparviz@collin.edu, or phone at (972) 375-1202. As always, thank you for your assistance.

Sincerely,

/s/ Mahsa Parviz
MAHSA PARVIZ

TRULINCS  54652509 - PARVIZ, MAHSA - Unit: SET-D-A

----------------------------------------------------------------------------------------------------

FROM: 54652509
TO: Bundy, Thomas; Legal, Diaz; Parvis, Shamsi
SUBJECT: lasnikorders@wawd.uscourts.gov
DATE: 08/06/2023 08:09:42 PM

In re: Cause No. 2:23-cv-00755-RSL

Dear Clerk,

I have emailed and mailed today, via USPS First Class mail, a Verified Emergency Motion for Temporary Restraining Order Pursuant to Local Civil Rule 65(b), for filing in the above-numbered cause. I will also be providing a proposed order in the same format as the motion if the Court is satisfied with this format. I unfortunately do not have access to Microsoft Word and understand if the Court prefers to issue its own order.

Please do not hesitate to contact me via email at mparviz@linkedup.vip or bparviz@collin.edu, or phone at (972) 375-1202. As always, thank you for your assistance.

Sincerely,

_____/s/ Mahsa Parviz
MAHSA PARVIZ

FEDERAL DETENTION CENTER
NAME: Mahsa Parviz
REG: 54652509   UNIT: DA
P.O. BOX 13900
SEATTLE, WA. 98198-1090

SEATTLE WA 980
9 AUG 2023 PM 2 L

FILED
LODGED
RECEIVED

AUG 11 2023

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

U.S. District Court, Western Dist. of WA
ATTN: Clerk (TRO & proposed order per cause No. 2:23-cv-00755-RSL)
700 Stewart St. #2310
Seattle, WA 98101

98101-444285

Mahsa Parviz
#54652509
% federal detention center
P.O. Box 13900
Seattle, WA 98198

FILED
LODGED
RECEIVED
AUG 11 2023
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE
BY _____ DEPUTY

U.S. District Court, Western D___
ATTN: CLERK (for filing in Cause No. 2:23-cv-00755-#2310
700 stewart st.
Seattle, WA 98101

urgent: