TRULINCS 54652509 - PARVIZ, MAHSA - Unit: SET-D-A

----

MAHSA PARVIZ
P.O. Box 13900
Seattle, WA 98198
Email: mparviz@linkedup.vip



UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANDREW GEORGE WATTERS,<br>　　Plaintiff,<br><br>v.<br><br>MAHSA PARVIZ,<br>　　Defendant. | No. 2:23-cv-00755-RSL<br><br>MOTION FOR SANCTIONS UNDER RULE 11 AND/OR 18 U.S.C. SEC. 1927 (renewed from Dkt. # 8)<br><br>NOTE ON MOTION CALENDAR:<br>[September 1, 2023] |

COMES NOW, Defendant Mahsa Parviz, and files this Motion for Sanctions Under Rule 11 and/or 28 U.S.C. Sec. 1927 (renewed from Dkt. #8) (hereinafter "Renewed Motion for Sanctions"). The Renewed Motion for Sanctions herein is renewed from Defendant's "Verified Rule 12 Motion, Answer, Motion for Sanctions Under Rule 11 and/or 28 U.S.C. Sec 1927, and Request for Protective Order Under Rule 5.2(e)" (Dkt. # 8) (hereinafter sometimes "Motion for Sanctions").

## I. PROCEDURAL HISTORY

On May 25, 2023, Defendant filed her "Verified Rule 12 Motion, Answer, Motion for Sanctions Under Rule 11 and/or 28 U.S.C. Sec. 1927, and Request for Protective Order Under Rule 5.2(e)" (Dkt. # 8), which the Court granted in part in its July 6, 2023 Second Order to Show Cause (Dkt #13) and its July 17, 2023 Amended Second Order to Show Cause (Dkt. # 16) (hereinafter "Second OSC").

As to the Motion for Sanctions therein, the Court's Second OSC found "[w]hile it certainly appears that plaintiff is using the federal court system to pursue a personal vendetta against Ms. Parviz rather than to obtain relief for any legally cognizable harm, whether he has unreasonably and vexatiously multiplied the proceedings for purposes of an award of fees and costs under 28 U.S.C. Sec. 1927 will best be determined after plaintiff responds to this second order to show cause. See Caruso v. Wash. State Bar Ass'n, 2017 WL 2256782, at *3 (W.D. Wash. May 23, 2017) (quoting W. Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1528 (9th Cir. 1990) (finding that fees are appropriate under Sec. 1927 if "an attorney knowingly or recklessly raised a frivolous argument, or argues a [ ] claim for the purpose of harassing an opponent, which qualifies as bad faith")." (Dkt. # 16 at 4). Defendant's motion for sanctions was denied "without prejudice on the current record without prejudice to its being renewed in the future" (Id. at 5).

Defendant filed her response to the Second OSC and motion for protective order on July 20, 2023 (Dkt. # 17). Plaintiff filed his response to the Second OSC on July 28, 2023 (Dkt. # 18). On August 7, 2023, Plaintiff filed an untimely "Plaintiff's Opposition to Defendant's Motion for Protective Order" (Dkt. # 19) (hereinafter "Plaintiff's Opposition").

## II. RENEWED MOTION FOR SANCTIONS

Defendant fully incorporates the "Verified Rule 12 Motion, Answer, Motion for Sanctions Under Rule 11 and/or 28 U.S.C. Sec. 1927, and Request for Protective Order Under Rule 5.2(e)" (Dkt # 8) and her Notice of this motion by reference herein.

Defendant has engaged in additional sanctionable conduct and the record is now ripe with additional facts in support of renewal of the Motion for Sanctions. As the Second OSC notes, Plaintiff did not file a timely response to Defendant's Motion for Sanctions. To date, Plaintiff has not filed a response to the Motion for Sanctions.

Plaintiff knowingly or recklessly raised frivolous claims and pursued claims in order to harass Defendant and her family. In his own words, Plaintiff boldly states: "[t]he only changed circumstance is Plaintiff now has to defend himself from the filing the instant lawsuit was initiated to prevent." He also states: "Plaintiff filed this lawsuit to prevent Defendant from filing her [ ] DVRO".

In Plaintiff's Opposition of August 7, 2023, Plaintiff twice concedes that he filed the instant Federal suit in order to prevent Defendant from filing and litigating her domestic violence prevention action in the California State Courts. Plaintiff has also committed professional misconduct and engaged in a number of other dilatory tactics, including, but not limited to, willfully failing to comply with this Court's deadlines for Initial Disclosures under Rule 26(f), failing and refusing to appropriately amend or dismiss his complaint in compliance with this Court's first and Second OSC, and flagrantly disobeying and excusing himself from meeting this Court's deadlines for conferring and filing joint initial disclosures without first seeking a continuance for good cause, stating in Plaintiff's Opposition: "Regarding Defendant's statements about Initial Disclosures, The Rule 26(f) conference

has not occurred, therefore initial disclosures are not required at this time."

From the outset, Plaintiff has harassed Defendant and engaged in acts of bad faith in pursuit of his personal vendetta against Defendant. Plaintiff is licensed to practice in the State of California and claims to have over 15 years of experience. He is fully aware that he is pursuing a legally and factually baseless complaint barred by the Anti-Injunction Act, 28 U.S.C. Sec. 2283, and Younger Abstention Doctrine. Simply put, Plaintiff has wasted this Court and Defendant's time and resources. Plaintiff has refused this Court's second opportunity to amend his deficient complaint and has now revealed that the true purpose of the instant Federal lawsuit is to prevent Defendant from litigating a state court action.

In his original and first amended complaints, Plaintiff seeks injunctive relief. This Court does not have the power to enjoin the San Mateo County Superior Court or the State of California from proceeding with the domestic violence prevention action because the Anti-Injunction Act, 28 U.S.C. Sec. 2283 "prevents a federal court from enjoining the 'proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.'" Sandpiper Village Condo Ass'n, Inc. v. Louisiana-P Corp., 428 F.3d 831, 842 (9th Cir. 2005) (quoting 28 U.S.C. Sec. 2283). Plaintiff is not entitled to relief from this Court.

Whereas the Younger Abstention Doctrine has been expanded to prohibit federal courts from issuing injunction or its functional equivalent when doing so would interfere with ongoing state court proceeding, plain language of 28 U.S.C. Sec. 2283 speaks only to actual injunctions. AmerisourceBergen Corp. v. Roden, 495 F.3d 1143, 41 Employee Benefits Cas. (BNA) 1706, 26 I.E.R. Cas. (BNA) 752 (9th Cir. 2007). See also Morongo Band of Mission Indians v. Stach, 951 F. Supp. 1455, 97 D.A.R. 10384 (C.D. Cal. 1997) (finding that District Court was prohibited under 28 U.S.C. Sec. 2283 from issuing injunction, where Indian tribe sought injunction prohibiting employee of casino owned by the tribe from proceeding with workers' compensation claim against tribe, because state workers' compensation appeals board was state court for statutory purposes, injunction in effect would be injunction restraining state-court proceeding, and alleged need to preserve integrity of Indian sovereignty did not justify exception to Anti-Injunction Act's prohibition).

### III. FED. R. CIV. P. 11

Defendant requests that this Court find monetary sanctions alone insufficient and impose additional sanctions, including a specific finding that Plaintiff has committed professional misconduct and entry of a judgment of dismissal with prejudice, without barring Defendant's related claims.

Rule 11 requires that an attorney sign a pleading, written motion, or other paper only if, to the best of that attorney's knowledge, information, and belief formed after a reasonable inquiry, that filing is not being presented for any improper purpose, and the claims within are warranted by existing law.

When a complaint is the primary focus of Rule 11 proceedings, the Court asks (1) whether the complaint is legally or factually baseless from an objective perspective, and (2) whether the attorney conducted a reasonable and competent inquiry before signing and filing it. Holgate v. Baldwin, 425 F.3d 671, 676 (9th Cir. 2005). An attorney who has violated Rule 11 may be sanctioned as necessary to deter repetition of the sanctionable conduct. See Fed. R. Civ. P. 11(c). RCW 4.84.185 provides that a prevailing party may recover attorneys' fees and other reasonable expenses incurred in opposing a frivolous action. Integrity Trust v. Capital One, N.A., 2017 U.S. Dist. LEXIS 52565 (W.D. Wash., Apr 5, 2017).

A motion for sanctions under Rule 11 must be served on the opposing party at least twenty-one days before it is filed with the Court. A Court may overlook the filing of a combined request for relief, however, the "safe harbor" provisions of Rule 11(c)(2) are mandatory (Radcliffe v. Rainbow Constr. Co., 254 F.3d 772, 788-89 (9th Cir. 2001)). Defendant served Plaintiff on May 25, 2023 via USPS certified mail RRR. The return receipt was signed and the date of delivery appears to be either June 4, 2023 or June 9, 2023. Attached hereto as 'EXHIBIT A' is a true and correct copy of USPS return receipt # 70111150000197938427. In addition, the purpose of the "safe harbor" is to give the offending party an opportunity to withdraw or correct its pleading and thereby escape sanctions: "a party cannot wait until after summary judgment to move for sanctions under Rule 11." Barber v. Miller, 146 F.3d 707, 710-11 (9th Cir. 1998) (quoting Ridder v. City of Springfield, 109 F.3d 288, 297 (6th Cir. 1997)).

Although Defendant has complied with the "safe harbor" provision before renewing the motion for sanctions, this Renewed Motion for Sanctions also sets forth additional sanctionable conduct and is served on Plaintiff via USPS certified mail RRR on August 8, 2023. Accordingly, Defendant has noted this motion for September 1, 2023 on the Court's motion calendar in compliance with the "safe harbor" provision of Rule 11(c)(2).

### IV. 28 U.S.C. SEC. 1927

Defendant seeks an award of fees and costs under 28. U.S.C. Sec. 1927. The statute provides:

Any attorney or other person to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct. Because Sec. 1927 authorized sanctions for the multiplication of proceedings, it applies only to unnecessary filings and tactics that occur after the complaint is filed: the statute does not apply to the initial pleading. In re Keegan Mgmt. Co. Securities Litig., 78 F.3d 431m 435 (9th Cir. 1996). In addition, an award of fees under the statute

requires a subjective finding of bad faith. Blixseth v. Yellowstone Mountain Club, LLC, 796 F.3d 1004, 1007 (9th Cir. 2015). Bad faith "is present when an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent." B.K.B. v. Maui Police Dept., 276 F.3d 1091, 1107 (9th Cir. 2002). "For sanctions to apply, if a filing is submitted recklessly, it must be frivolous, while if it is not frivolous, it must be intended to harass." In re Keegan Mgmt., 78 F.3d at 436.

The statute sets a high threshold before an attorney will be required to reimburse the opposing party for a portion of its attorney's fees, which is appropriate given the possibility that fee shifting could chill advocacy. The Court must therefore start its analysis with the presumptions that an award of fees is not appropriate and that counsels' conduct falls within the acceptable realm of zealous advocacy, untainted by bad faith. Viewing the docket from a mile away nevertheless suggests that Plaintiff's arguments were entirely frivolous and that, after plaintiff's theory of the case was found to lack merit, continued litigation has been unreasonable and vexatious.

August 8, 2023 \_\_\_\_\_/s/ Mahsa Parviz

## SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

ANDREW G. WATTERS
555 Twin Dolphin Dr. #135
Redwood City, CA 94065

9590 9402 5846 0038 3548 68

2. Article Number (Transfer from service label)

7011 1150 0001 9793 8427

PS Form 3811, July 2015 PSN 7530-02-000-9053

## COMPLETE THIS SECTION ON DELIVERY

A. Signature
X [signature]
☐ Agent
☐ Addressee

B. Received by (Printed Name)
Travis H. Conant

C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt