FILED

FEB 21 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ANDREW G. WATTERS,

    Plaintiff-Appellant,

v.

MAHSA PARVIZ,

    Defendant-Appellee.

No. 23-35601

D.C. No. 2:23-cv-00755-RSL

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, District Judge, Presiding

Submitted February 21, 2025[**]
San Francisco, California

Before: FRIEDLAND, BENNETT, and BADE, Circuit Judges.

Plaintiff-Appellant Andrew G. Watters, appearing pro se, appeals the district court's dismissal of an action filed against Defendant-Appellee Mahsa Parviz in the Western District of Washington. We have jurisdiction under 28 U.S.C. § 1291, and

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

we **AFFIRM**.

Plaintiff's initial complaint consisted mainly of the contents of a webpage run by Plaintiff that lists Defendant as a member of Plaintiff's "Hall of Shame." That webpage recounts a brief romantic relationship between Plaintiff and Defendant and accuses Defendant of many ethical and legal misdeeds. Plaintiff's first complaint alleged diversity jurisdiction as the basis for the district court's jurisdiction because Plaintiff is a California resident, Defendant is a Washington resident, and Plaintiff sought special damages "not less than $75,001."

Finding that Plaintiff's claim for damages was "wholly conclusory" and unsupported by any facts, the district court ordered Plaintiff to show cause why his claim should not be dismissed for lack of jurisdiction. Plaintiff then filed a largely identical amended complaint but added a claim that Defendant violated the federal Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030(a). Defendant filed, among other motions, a Rule 12(b)(6) motion for failure to state a claim. *See* Fed. R. Civ. P. 12(b)(6). The district court found that Plaintiff had failed to adequately plead a CFAA claim and declined to exercise supplemental jurisdiction over Plaintiff's state-law claims.[1] The district court did not allow leave to further amend.

---

[1] The district court did not further address Plaintiff's response to the Order to Show Cause regarding diversity jurisdiction, but we take the court's later description of the state-law claims as "supplemental" as a rejection of Plaintiff's arguments as to diversity. Plaintiff does not independently challenge the district court's decision to

2

Plaintiff now appeals.

Plaintiff contends that he has met his CFAA pleading burden. He also reiterates his claim that diversity jurisdiction exists. In the alternative, Plaintiff argues that we should remand with leave to amend. Defendant, who is incarcerated, did not file an answering brief.

We review de novo a district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1061 (9th Cir. 2004). We also review de novo whether the amount-in-controversy requirement for diversity jurisdiction was satisfied. *Me. Cmty. Health Options v. Albertsons Cos., Inc.*, 993 F.3d 720, 722–23 (9th Cir. 2021). We review for abuse of discretion the district court's denial of leave to amend. *Garmon v. County of Los Angeles*, 828 F.3d 837, 842 (9th Cir. 2016).

1. Plaintiff's CFAA allegations fail. Plaintiff alleged that Defendant violated 18 U.S.C. §§ 1030(a)(4) and (a)(7).[2] Because Plaintiff pleaded no facts that would demonstrate liability under either section of the CFAA, both claims fail.

Section (a)(4) imposes criminal penalties when an individual "knowingly and

---

decline to exercise supplemental jurisdiction, and so we do not address the merits of that decision here. We address the merits of the diversity determination below.

[2] Although the CFAA is primarily a criminal statute, the CFAA also provides a private right of action for "[a]ny person who suffers damage or loss by reason of a [CFAA] violation." 18 U.S.C. § 1030(g).

3

with intent to defraud, accesses a protected computer without authorization, or exceeds authorized access, and by means of such conduct furthers the intended fraud and obtains anything of value." 18 U.S.C. § 1030(a)(4).

Plaintiff alleged that Defendant violated Section (a)(4) by "hacking and/or exceeding the authorized use of Harvard web servers to create her fake Harvard web pages, and thereby defrauded Plaintiff out of at least $10,000." But as Plaintiff's declaration from a Harvard representative noted, Defendant was a student at Harvard Extension School between 2012 and 2016. And Plaintiff alleged no facts that would demonstrate that Defendant "hacked" Harvard's servers to create the websites at issue or obtain a "harvard.edu" email address. As to Defendant's alleged intent to defraud Plaintiff, Plaintiff, at his own admission, only discovered the Harvard pages by "Googling" Defendant. We agree with the district court that "the memorialization of [Defendant's] connection to Harvard on various website[s] and platforms does not raise a plausible inference that [Defendant] broke into Harvard's system or exceeded the authorizations she was given as an extension student." Plaintiff pleaded no facts supporting a claim under Section (a)(4), and the district court did not err in dismissing that claim.

Section (a)(7) makes it a crime for individuals to "transmit[] in interstate or foreign commerce any communication containing any . . . threat to cause damage to a protected computer." 18 U.S.C. § 1030(a)(7)(A). The CFAA defines "damage"

4

as "any impairment to the integrity or availability of data, a program, a system, or information." 18 U.S.C. § 1030(e)(8).

Plaintiff's Section (a)(7) claim alleged that Defendant sought to extort Plaintiff into "interfering with the integrity of information available on a protected computer" in a communication in which Defendant asked Plaintiff to take down his "Hall of Shame" webpage and noted that "the alternative" involved her seeking a Domestic Violence Restraining Order.[3] But regarding the Harvard webpages giving rise to Plaintiff's CFAA claim, Defendant wrote only that her "Harvard scholar page isn't fraudulent" and asked that Plaintiff "[p]lease get it back online." Defendant did not accompany that independent request with any form of threat, much less a threat to cause damage to a protected computer, as prohibited by Section (a)(7).

Because Plaintiff's amended complaint alleged no facts that would support an inference of liability under either relevant section of the CFAA, the district court's dismissal of Plaintiff's CFAA claims was proper.

2. Plaintiff's complaint does not demonstrate diversity jurisdiction.

> A federal court has jurisdiction over the underlying dispute if the suit is between citizens of different states, and the amount in controversy exceeds $75,000 exclusive of interest and costs (i.e., diversity jurisdiction). 28 U.S.C. § 1332(a). Where the plaintiff originally files in federal court, "the amount in controversy is determined from the face of the pleadings." *Crum* [*v. Circus Circus Enters.*, 231 F.3d 1129, 1131

---

[3] Defendant did ultimately request such an order.

5

(9th Cir. 2000)]. The amount in controversy alleged by the proponent of federal jurisdiction—typically the plaintiff in the substantive dispute—controls so long as the claim is made in good faith. *Id*. "To justify dismissal, it must appear to a legal certainty that the claim is really for less than the jurisdictional amount." *Id*.

*Geographic Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106 (9th Cir. 2010).[4]

Here, it is "obvious" from the face of the complaint "that th[is] suit cannot involve the necessary amount." *Id*. (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938)). As noted, Plaintiff's complaint is mostly a reproduction of the "Hall of Shame" webpage created by Plaintiff, which alternates between descriptions of Defendant's physical attractiveness and a lurid, blog-style recounting of a litany of misdeeds allegedly committed by Defendant (often against individuals other than Plaintiff). The complaint makes clear to a legal certainty that there is *at most* $10,000 in controversy—the amount Plaintiff alleged he was defrauded of by Defendant. And although Plaintiff speculates in his opening brief that "special and punitive damages could be well into the hundreds of thousands of dollars," the complaint itself contained no allegations that could justify the same. Given the above, there is no diversity jurisdiction here.

---

[4] The "legal certainty" standard is distinguishable from cases in which state-filed complaints are removed to federal court, in which instance the removing party "has the burden to prove, by a preponderance of the evidence, that removal is proper." *Geographic Expeditions*, 599 F.3d at 1106–07.

6

3. Dismissal without providing Plaintiff leave to file a second amended complaint was not an abuse of discretion. We consider five factors in assessing whether a district court abuses its discretion in dismissing a complaint without leave to amend: "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011). As to the first three factors, none necessarily counsel against granting Plaintiff leave to amend here.

But looking to the fourth factor, the nature of Plaintiff's CFAA claims and Plaintiff's speculative damage numbers show that amendment would be futile. Finally, looking to the last factor, a district court's discretion to deny leave to amend is "particularly broad" where, as here, the plaintiff has previously amended his complaint. *See Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004) (quoting *Chodos v. W. Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002)). Accordingly, the district court did not abuse its discretion in dismissing Plaintiff's claims without granting Plaintiff leave to amend.

**AFFIRMED.**